```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MICHAEL T. SCHMIDT,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  11 C 3560
                                 )
JOURNEYMEN PLUMBERS' LOCAL       )
UNION 130, U.A., et al.,         )
                                 )
          Defendants.            )
```

MEMORANDUM ORDER

Michael Schmidt ("Schmidt") has sued his union, Journeymen Plumbers' Local Union 130 ("Union"), five of its officers and his former employer C.F. Taffe Plumbing Co., Inc. ("Taffe") in a six-count Complaint.  Although this Court is contemporaneously issuing its customary initial scheduling order, this memorandum order is triggered by some fundamental concerns (including jurisdictional questions) that are relevant to the Complaint.

Complaint ¶1 invokes the Labor Management Reporting and Disclosure Act as the jurisdictional foundation for Schmidt's Counts I and II, while Complaint ¶2 purports to call upon 42 U.S.C. §1983 ("Section 1983") as the jurisdictional base for Counts III and IV and Complaint ¶3 looks to the supplemental jurisdiction provisions of 28 U.S.C. §1367(a) as the predicate for tacking on Schmidt's Count V and VI state law claims. Although this Court does not of course seek to preempt those on any other grounds that one or more defendants may advance for challenging Schmidt's premises, this memorandum order will pose

some questions that need answering at or before the initial status hearing date.

As for Counts I and II, which charge Union and its officers with breach of fiduciary duty and negligence, it would seem at least possible that <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 155 (1983) might open only a six-month window for suit by Schmidt. If so, Counts I and II could be out of time.

Counts III and IV suggest that Schmidt's counsel lacks a basic familiarity with some fundamental principles of federal constitutional law. Section 1983's coverage is limited to the adjudication of conduct by <u>state actors</u> that infringe a plaintiff's constitutional rights, and none of the defendants is in that category. Accordingly, unlike the deferral that is appropriate as to Counts I and II, Counts III and IV are dismissed with prejudice.

Finally, nothing will be said at this point as to the propriety of exercising supplemental jurisdiction under Counts V and VI. Those counts can be addressed when it is ascertained whether other cognizable federal claims exist onto which they can piggyback.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 1, 2011