IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL T. SCHMIDT,         )
                            )
            Plaintiff,      )
                            )
     v.                     )   No.  11 C 3560
                            )
JOURNEYMEN PLUMBERS' LOCAL  )
UNION 130, U.A., et al., etc., )
                            )
            Defendants.     )

MEMORANDUM OPINION AND ORDER

Michael Schmidt ("Schmidt") has sued his union--Journeymen Plumbers' Local Union 130--and five of its officers (all of those defendants are collectively referred to as "Union Defendants") and his former employer C.F. Taffe Plumbing Co., Inc. ("Taffe") in a six-count Complaint.  Less than a week after suit was filed (on June 1, 2011) this Court issued a sua sponte order dismissing Complaint Counts III and IV, which (exemplary of the lack of analysis that had gone into the framing of the lawsuit) had charged violations of 42 U.S.C. §1983 ("Section 1983"), even though it is obvious that none of the named defendants is a state actor, so that Section 1983 was clearly irrelevant to Schmidt's claim.

Now Union Defendants and Taffe have each filed motions to dismiss Schmidt's remaining claims under Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6), and Schmidt has filed a responsive memorandum.  For the reasons stated here both motions to dismiss are granted, and both the Complaint and this action are

dismissed.

## Relevant Rule 12(b) Standards

Under Rule 12(b)(6) a party may move for dismissal of a complaint on the ground of "failure to state a claim upon which relief can be granted." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) was the first case to repudiate, as overly broad, the half-century-old Rule 12(b)(6) formulation announced in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." And post-Twombly cases have further reshaped a new Rule 12(b)(6) standard.

First Twombly, 550 U.S. at 570 held that to survive a Rule 12(b)(6) motion a complaint must provide "only enough facts to state a claim to relief that is plausible on its face." Or put otherwise, "[f]actual allegations must be enough to raise a right of relief above the speculative level" (id. at 555). Then Erickson v. Pardus, 551 U.S. 89 (2007)(per curiam) and Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937 (2009) provided further Supreme Court enlightenment on the issue.

Before Iqbal our own Court of Appeals, in Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007) described Twombly and Erickson as establishing "only that

2

at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." And more recently Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) has confirmed that the Airborne Beepers reading of pleading law post-Twombly and post-Erickson remains accurate after Iqbal. Brooks, id. describes Iqbal as "admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone can do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more."

Familiar Rule 12(b)(6) principles--still operative under the new pleading regime--require this Court to accept as true all of Schmidt's well-pleaded factual allegations, with all reasonable inferences drawn in his favor (Christensen v. County of Boone, 483 F.3d 454, 457 (7th Cir. 2007)(per curiam)). What follows in the next section adheres to those principles, although unnecessary facts are omitted. After that factual background is framed, this opinion turns to the legal principles involved.[1]

## Background

Schmidt made various complaints to Union about Taffe in 2009 (¶¶18-19, 21-22). Schmidt alleges that Union did not investigate

---

[1] This opinion cites to paragraphs in the Complaint as "¶--" and to Schmidt's responsive memorandum as "S. Mem.--."

some of his complaints (¶20), but he also alleges that Union began an audit of Taffe in December 2009.[2] On February 9, 2010 Charles Taffe--Taffe's co-owner--told Schmidt that he thought Schmidt had called Union to complain about Taffe's business practices (¶26). Taffe fired Schmidt the same day (id.). Schmidt then filed a complaint with the National Labor Relations Board ("Board") on March 8, 2010 (id. ¶28).

## Unfair Labor Practices

Schmidt says Union Defendants and Taffe violated his rights under the Labor Management Reporting and Disclosure Act ("Reporting and Disclosure Act," 29 U.S.C. §§401-531).[3] That is flat-out wrong. That statute protects union members from discipline <u>by the union</u> in retaliation for their expressing opinions about union policies (Section 411(a)(2)). Here Schmidt was fired by his <u>employer</u> Taffe. That being so, the statute does not apply to Union Defendants because it was Taffe that fired Schmidt, and it does not apply to Taffe because it proscribes certain actions by unions and not by employers.

Schmidt attempts to counter that the Report and Disclosure

---

[2] Although the Complaint says the audit began in December 2010, that appears to be a typographical error, for the Complaint's next paragraph (¶24) alleges that in February 2010 Union spoke to Taffe about receiving documents needed for the audit. Whether the audit began in December 2009 or December 2010 makes no difference to the outcome of this case.

[3] All further references to Title 29's provisions will simply take the form "Section--."

4

Act does apply because Union "by its officers" (¶29) conspired with Taffe to fire him and thereafter to prevent him from obtaining other construction work (S. Mem. 12-13). But as explained more than two decades ago in <u>Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6</u>, 493 U.S. 67, 92 n.15 (1989), Congress intended the "discipline" referred to in the statute to mean "penalties applied by the Union in its official capacity" (that opinion, <u>id</u>. at 91 likewise said that "discipline" is meant to denote only "punishment authorized by the Union as a collective entity to enforce its rules"). Relatedly, actions by individual officers are not undertaken "by the Union in its official capacity" and do not fall within the purview of the statute that Schmidt has sought to invoke (see <u>Konen v. Int'l Bhd. of Teamsters Local 200</u>, 255 F.3d 402, 410 (7th Cir. 2001)).

Schmidt's Mem. 9 also asserts that Union demanded "his firing by Allan Plumbing in July 2011," but that is not alleged in the Complaint. Even if it had been, however, it would not save his claims for the same reasons as given in the preceding paragraph--nothing in the quoted assertion indicates that Union undertook an official action to enforce its rules in demanding that a plumbing company fire Schmidt.

Taffe and Union Defendants correctly point out that Schmidt's allegations relating to his firing, along with his

5

allegation that Union failed to investigate his complaints, come under the rubric of the National Labor Relations Act ("Labor Relations Act," Sections 151-169). To be sure, such cases as Hatmaker v. Mem'l Med. Ctr., 619 F.3d 741 (7th Cir. 2010) teach that Schmidt's failure to identify the correct statute is not necessarily fatal to his claim:

> Although Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), require that a complaint in federal court allege facts sufficient to show that the case is plausible, see, e.g., Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008), they do not undermine the principle that plaintiffs in federal courts are not required to plead legal theories. See Aaron v. Mahl, 550 F.3d 659, 665-66 (7th Cir. 2008); O'Grady v. Village of Libertyville, 304 F.3d 719, 723 (7th Cir. 2002). Even citing the wrong statute needn't be a fatal mistake, provided the error is corrected in response to the defendant's motion for summary judgment and the defendant is not harmed by the delay in correction. Ryan v. Illinois Dept. of Children & Family Services, 185 F.3d 751, 764 (7th Cir. 1999).

But Schmidt himself has disavowed the opportunity to correct his error: S. Mem. 12 has expressly waived any contention that the Labor Relations Act applies to his claim, asserting instead that his claims are grounded solely in the Reporting and Disclosure Act:

> The NLRA only forbids union discrimination based on union membership or lack thereof as an unfair labor practice. A breach of duty of fair representation is not an unfair labor practice.

It is unnecessary to rest the result here on any notion of waiver, however. Even if Schmidt had embraced the Labor

6

Relations Act as the predicate for his action, his failure to file a timely lawsuit to bring that statute into play is fatal to his claim. Nearly three decades ago <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 155 (1983) held that Labor Relations Act claims are subject to a six-month statute of limitations, and that remains established law today.[4] With one potential exception, the allegations contained in Schmidt's complaint span from February 2009 to February 2010, while Schmidt did not bring suit until May 26, 2011, well after the six-month statute of limitations on those allegations had expired.

As the one potential exception to what has been said, Complaint ¶29 ends with a brief snippet about "ongoing retaliation" by Union Defendants:

> That Plaintiff believes that Defendant Local 130, by its officers, engaged in collusion and conspiracy with private employers to permit laborers to perform plumbing work, and to facilitate Plaintiff's termination and ongoing retaliation.

That totally undefined activity could perhaps have occurred within the six months preceding May 26, 2011 and so might not be time-barred. But that conclusory allegation simply flunks the

---

[4] It is somewhat astonishing, in light of this Court's warning in its initial June 1, 2011 short memorandum order about the potential hazard posed by <u>DelCostello</u>, coupled with the citations to that case in each defense memorandum, that Schmidt's counsel spends the first 12 pages of his S. Mem. discussing everything but <u>DelCostello</u>, then devotes only a single sentence to that case and the limitations problem as part of his brief Conclusion.

7

Twombly-Iqbal plausibility standard.

### State Law Claims

Schmidt's Complaint also advances two claims grounded in Illinois state law: that Taffe and Union Defendants failed to fulfill their fiduciary duty to Schmidt and that they retaliated against him for filing an Illinois False Claims Act claim. Taffe and Union Defendants contend that those claims are preempted by federal law and alternatively that they fail to state a claim under Illinois Law. Incredibly, Schmidt's responsive memorandum neither addresses those arguments nor discusses those counts of his Complaint at all. Schmidt has thus forfeited any argument that those claims ought to survive the motions to dismiss (Alioto v. Town of Lisbon, 651 F.3d 715 (7th. Cir. 2011)).

### Conclusion

Schmidt has failed to state a claim upon which relief can be granted. Both the Complaint and this action are dismissed with prejudice.

_____
  Milton I. Shadur
  Senior United States District Judge

Date: October 14, 2011